IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 98-064ML |
| | ) | |
| FELIPE C. ALMONTE | ) | |

**GOVERNMENT'S OBJECTION TO PETITION**
**FOR RE-SENTENCE AND END FEDERAL PROBATION**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney, and Kenneth P. Madden, First Assistant U. S. Attorney, and objects to the defendant's Petition For Re-Sentence And End Federal Probation for those reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant US Attorney
RI Bar #1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

On this 22nd day of December, 2006, I caused the Within Government's Objection To Petition For Re-Sentence And End Federal Probation, along with its accompanying memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid to:

Felipe C. Almonte
190 Althea Street
Providence, Rhode Island 02909

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant US Attorney
RI Bar #1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002
kenneth.madden@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. No. 98-064ML |
| | ) | |
| FELIPE C. ALMONTE | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITION FOR RE-SENTENCE AND END FEDERAL PROBATION**

Introduction

Petitioner Felipe C. Almonte files this petition to terminate his supervised release. He fails to specify any legal authority upon which the Court may act. He cites only to United States v. Booker, 125 S.Ct. 738 (2005) and a statement he attributes to the Sentencing Court that his sentence of 57 months imprisonment is "a very, very long time for anyone to pay." (Defendant's Petition, p. 1).

Travel

______On July 22, 1998, the defendant was indicted by a federal grand, in two counts, for possession with intent to distribute cocaine and heroin. The controlled substances which were the subject of the prosecution were 186.27 grams of powder cocaine, 41.16 grams of crack cocaine, and 32.27 grams of heroin.

The defendant entered a plea of guilty on November 5, 1998. After assessing a two-level increase for obstruction of justice, the probation officer recommended a total offense level of 32, Criminal History Category I, with a resulting guidelines range of 121-151 months. After a sentencing hearing on June 25, 1999, the Court rejected the two-level increase for obstruction of justice, and awarded the defendant three levels for acceptance of responsibility and two levels for

safety valve. The resulting guidelines range was 57-71 months. The Court sentenced the defendant to 57 months imprisonment, five years supervised release, and a $200 special assessment. No other fine was imposed.

The defendant appealed to the First Circuit Court of Appeals. His conviction was affirmed on October 27, 2000.

Argument

In Booker, the Court held that the Sixth Amendment, as construed in Blakely v. Washington, 124 S.Ct. 2531 (2004), applies to the Sentencing Guidelines. The Court reaffirmed the defendant's right to have the jury find the existence of any fact, except a prior conviction, that the law makes essential to a defendant's punishment. The Court noted that the mandatory nature of the guidelines combined with judicial fact-finding implicated the Sixth Amendment. The Court concluded that the guidelines are only advisory in nature.

The holding of Booker derives from the holdings in Blakely and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). The holdings of Blakely and Apprendi were new constitutional rules of criminal procedure. Under Teague v. Lane, 489 U.S. 288 (1989), they are not retroactively applicable to cases that became final before those decisions were announced. See Schriro v. Summerlin, 124 S. Ct. 2519, 2524-26 (2004) (Teague bars retroactive application of Apprendi-based death penalty decision of Supreme Court in Ring v. Arizona, 536 U.S. 584 (2002)); Sepulveda v. United States, 330 F.3d 55, 59-63 (1st Cir. 2003) (Apprendi is not retroactively applicable under Teague); Orchard v. United States, 332 F. Supp.2d 275, 277 (D. Me. 2004) (holding that Blakely is not retroactively applicable under Teague and collecting cases on point); United States v. Stancell, 346 F. Supp.2d 204 (D.D.C. 2004). Almonte's conviction

was final before both Blakely and Booker were decided. Booker is itself a new constitutional rule of criminal procedure, and like Blakely and Apprendi, should not be applied retroactively. See Varela v. United States, 400 F.3d 864 (11th Cir. 2005) (Booker does not apply retroactively to cases on collateral review); United States v. McReynolds, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply to criminal cases that became final before January 12, 2005).

Booker, therefore, has no applicability to the defendant's case.

Further, as noted above, the defendant fails to specify the basis which would give this Court the authority to grant his requested relief.

Finally, while the defendant references a statement allegedly made by the Court at sentencing concerning the defendant's term of imprisonment, he proffers no reason why the Court should act, even if it has the authority, to reduce or terminate the term of supervised release. He points to no error, nor does he offer any mitigating factors in an attempt to persuade the Court to grant his request.

Conclusion

For those reasons set forth herein, the petition should be denied.

Respectfully submitted,

Robert Clark Corrente
United States Attorney

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant US Attorney
RI Bar #1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002 (fax)
kenneth.madden@usdoj.gov

CERTIFICATE OF SERVICE

On this 22nd day of December, 2006, I caused the Within Government's Objection To Petition For Re-Sentence And End Federal Probation, along with its accompanying memorandum, to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first class mail, postage prepaid to:

Felipe C. Almonte
190 Althea Street
Providence, Rhode Island 02909

/s/ Kenneth P. Madden
Kenneth P. Madden
First Assistant US Attorney
RI Bar #1680
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5002 (fax)
kenneth.madden@usdoj.gov