UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v.                                                              CR 98-64 ML

FELIPE ALMONTE

## MEMORANDUM AND ORDER

On April 3, 2007, this Court entered an order denying Defendant's motion seeking relief from the statutorily mandated collection of DNA.[1] See generally 42 U.S.C. §§ 14135 - 14135e. Defendant filed an appeal from that order on April 19, 2007. The United States Court of Appeals for the First Circuit noted that the notice of appeal was filed late and transmitted the notice of appeal to this Court for a ruling to determine whether this Court would enlarge the time for filing an appeal and consider the appeal timely filed pursuant to Federal Rule of Appellate Procedure 4(b).

By order dated May 10, 2007, this Court directed Defendant to provide, in writing, his reason(s) for filing his notice of appeal more than ten days after April 3, 2007. On May 31, 2007, Defendant filed a memorandum setting forth his reasons for the late filing.

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of

---

[1] Defendant filed a "petition to exclude DNA testing" on September 13, 2006. This Court denied that motion on September 20, 2006. On March 15, 2007, Defendant filed a motion to reconsider this Court's September 20, 2006, denial of his motion to exclude DNA testing. This Court denied that motion on April 3, 2007. Defendant now claims that the "District Court never notified petitioner what happened with the [September 13, 2006] motion either by mail or by calling petitioner." Motion to Allow Appeal of Denial to Restrain and Exclude DNA Collection ¶ 2. Petitioner states that he only became aware of the September 20, 2006, denial months later when he was told by his probation officer. In light of Defendant's pro se status this Court will treat the April 3, 2007, denial of Defendant's March 15, 2007, motion for reconsideration as the operative order in determining whether Defendant's appeal was timely filed.

appeal must be filed within 10 days of entry of judgment or the order appealed from. Fed. R. App. P. 4(b)(1)(A). Defendant's notice of appeal should have been filed on or before April 17, 2007. See generally Fed. R. App. P. 4(b)(1)(A); Fed. R. App. P. 26. Federal Rule of Appellate Procedure 4(b)(4) provides that the district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration" of the ten-day deadline upon a "finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

Determining whether neglect is excusable is " 'at bottom an equitable' " matter. Graphic Communications International Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)). Courts should take into account

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. (quoting Pioneer, 507 U.S. at 395).[2] Defendant must provide a "satisfactory explanation for the late filing." Graphic Communications, 270 F.3d at 5. The reason-for-delay factor carries the greatest weight in the analysis. Id.

Defendant states that the reason for his delay in filing was that this Court "failed to advised [sic] him that District Court Rules required appeals to be made within specific amount of time." Motion to Allow Appeal of Denial to Restrain and Exclude DNA Collection ¶ 3. Defendant does little to inform the Court of any particular cause for the late filing beyond pointing to his ignorance of the Federal Rules of Appellate Procedure. While the Court

---

[2]The excusable neglect standard in Pioneer arose in the bankruptcy context. The standard, however, "must be understood to provide guidance outside the bankruptcy context." Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997).

acknowledges Defendant's pro se status, pro se litigants are not excused from compliance with procedural rules. Eagle Eye Fishing Corp. v. United States Department of Commerce, 20 F.3d 503, 506 (1st Cir. 1994). The Court concludes that Defendant's proffered reason does not meet the standard for excusable neglect nor does the Court find that good cause been shown to extend the filing deadline.

Accordingly, this Court denies Defendant's request to enlarge the time for filing the appeal.

SO ORDERED:

*[signature]*
Mary M. Lisi
United States District Judge
June 5, 2007